The relator, The Ohio National Bank of Columbus, is the owner of certain special assessment bonds, known as Village of Parma, 5%, Series
 
 “A”
 
 Improvement Bonds, dated June 1, 1927, and payable semiannually on April 1 and October 1 of each year.
 

 At the time these bonds were issued the tax limitation imposed by Section 5625-2, General Code, was 15 mills. The subsequent adoption of Section 2 of Article XII of the Constitution of Ohio reduced the tax limitation from 15 mills to 10 mills. Relator contends that this limitation is not governing as to these bonds because the 10-mill limitation, if applicable, would impair the obligation of contract.
 

 Relator pleads that the unpaid principal on these bonds is $29,000 and the accrued interest is approximately $2,300, all of which sum is due and unpaid.
 

 The relator prays that a writ of mandamus be issued to the defendants, respectively, commanding the city of Parma, the mayor, the auditor of the city, the
 
 *397
 
 treasurer of the city, council and members thereof, respectively, to forthwith apply any and all moneys on hand in the treasury and any and all moneys on hand in the sinking fund which are applicable to the bonds hereinbefore described, to the payment of interest accrued to date of payment, and the balance remaining after such payment of accrued interest as a pro rata payment on the principal amount due and unpaid on such bonds; further commanding the city treasurer to determine the amount of the tax necessary to provide for the payment in full of any balance of principal amount or interest on such bonds remaining unpaid; to certify the amount of such tax to the city council of the city; further commanding the city council and members thereof, and the mayor to amend the tax budget of the city of Parma for the year 1935 as to include the full amount required to pay the interest charges and principal charges on the bonds hereinbefore described irrespective of the 10-mill limitation, and subject only to the 15-mill limitation applicable at the time of issuance of such bonds; further commanding the county auditor to lay such budget, as amended, before the budget commission of Cuyahoga county; further commanding the budget commission and the members thereof to ascertain that the levies for such debt charges are properly authorized and provided for and to approve such levies irrespective of the 10-mill limitation, and subject only to the 15-mill limitation applicable at the time of issuance of such bonds, without modification; further commanding the county auditor and the county treasurer of Cuyahoga county to certify and collect such taxes and apply the proceeds thereof to the payment of such debt charges in the current year according to law; and further commanding each and all of the defendants to do and perform, and cause to be done and performed, all other acts required of them by law in the premises to provide- the
 
 *398
 
 money with, which to pay such bonds and the interest thereon.
 

 It is ordered and adjudged that the writ of mandamus prayed for be, and the same is hereby, allowed on authority of
 
 State, ex rel. Bruml,
 
 v.
 
 Village of Brooklyn,
 
 126 Ohio St., 459, 185 N. E., 841;
 
 State, ex rel. Cygnet Savings Bank Co.,
 
 v.
 
 Village of South Euclid,
 
 130 Ohio St., 132, 197 N. E., 131;
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Steel, Mayor, ante,
 
 90, 196 N. E., 782.
 

 Writ allowed.
 

 Weygandt, 0. J., Stephenson, • Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.